UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


FILED
MAY - 5, 2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

| | |
|---|---|
| LEWIS ROSS BROWN *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No.   21-966 (UNA) |
| ) | |
| ) | |
| SUJATHA SANKULA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiffs' *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2.  The Court will grant the application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint consisting of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do[es] not suffice."  *Id*.

Plaintiffs are a father and minor child who reside in Dale City, Virginia.  They have sued an individual who also resides in Virginia and works at the Environmental Protection Agency ("EPA") apparently with the father (hereafter "Plaintiff").  Plaintiff alleges:

> During a 10AM Staff Meeting on April 23, 2019, Ms. Sankula mentioned that there was to be no Bring Your Children to Work Day because she felt that it was a waste of time. At 3:05 PM Ms. Sankula sent out an email to every scientist in ERB-1 stating that the annual "Bring Your Children to Workday" was cancelled. Around 3:25PM, then EPA OPP Assistant Administrator Alexa D. Dunn sent out a broadcast email reminder to everyone in the agency that the event was to be held on April 25, 2019 beginning at 10AM.

Compl. at 1.  Plaintiff contends that Defendant "deliberately and openly with discrimination and animosity stated repeatedly to me" that the event was cancelled, which was "a terrible lie [that] greatly hurt the feelings of the plaintiff as he was excited about meeting then EPA Administrator Andrew Wheeler."  *Id*.  Plaintiff seeks $45,000 in damages for "pain and suffering" attributable to "racial discrimination" and retaliation  "because the plaintiff is related to an adversary" of Defendant.  Compl. at 2.  He clarifies that "[w]hile the events which led to the Discriminative and Racial Ostracization of the child from attending [the] annual event at the US EPA, HQ . . ., the EPA is in no ways responsible [for] the horrid, deceptive, and disgusting acts of mendacity perpetrated by" Defendant.  Compl. at 1.

Plaintiff has not invoked a federal statute; however, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*., prohibits an employer from discriminating against employees based on certain classifications, including race.  The "two essential elements of a discrimination claim are that (i) the plaintiff suffered an adverse employment action (ii) because of the plaintiff's race, color, religion, sex, national origin, age, or disability[.]"  *Baloch v. Kempthorne*, 550 F.3d 1191, 1196 (D.C. Cir. 2008).  Plaintiff's conclusory accusations of race discrimination by a single actor in his workplace and his mere mention of retaliation fail to plead Title VII claims.  *See Bishop v. United States Dep't of Agric*., No. 1:19-cv-1836, 2020 WL 3064421, at *3 (D.D.C. June 9, 2020), *aff'd*, No. 20-5170, 2020 WL 6600053 (D.C. Cir. Oct. 20,

2020) ("Title VII claim fails" in the absence of "factual allegations to support assertions" of discrimination) (citing cases)); *Jones v. Bernanke*, 557 F.3d 670, 677 (D.C. Cir. 2009) (to adequately plead retaliation, plaintiff must allege facts showing "(1) that he engaged in statutorily protected activity; (2) that he suffered a materially adverse action by his employer; and (3) that a causal link connects the two"). Besides, "Title VII does not impose liability on individuals in their personal capacities," *Jones v. The Washington Times*, 668 F. Supp. 2d 53, 59 (D.D.C. 2009), and Plaintiff has exonerated his employer, which "is alone liable for a violation of Title VII." *Gary v. Long*, 59 F.3d 1391, 1399 (D.C. Cir. 1995).

Also, 42 U.S.C. § 1981 prohibits race discrimination in the making and enforcing of contracts, and a private cause of action against individuals is inferred. *See Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1016 (2020). However, "a plaintiff must initially plead and ultimately prove that, *but for* race, it would not have suffered the loss of a legally protected right." *Id.* at 1019 (emphasis added). Plaintiff states no facts to support a § 1981 claim, and his allegation that Defendant acted "because she felt that [the event] was a waste of time," Compl. at 1, suggests a motivation other than race. Therefore, any claim under § 1981 fails as well.

For the foregoing reasons, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

Date: May 5, 2021

                                                   s/
                              TIMOTHY J. KELLY
                              United States District Judge